IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK RAY WALL,

       Plaintiff,

v.                                                          Civil Action No. 5:12cv22
                                                            (Judge Bailey)

SCOTT VILLERS, Acting Administrator,
Tygart Valley Regional Jail; and
ANDREW HOWLETT, Chronic Care
Physician, Tygart Valley Regional Jail,

       Defendants.

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Villers, Howlett and the West Virginia Regional Jail Authority (TVRJ) on February 13, 2012. On February 15, 2012, the plaintiff was granted permission to proceed as a pauper without prepayment of fees.

On April 10, 2012, the undersigned conducted a preliminary review of the file, *sua sponte* dismissed the West Virginia Regional Jail Authority (TVRJ) as a defendant, and directed the remaining two defendants to answer the complaint.

On June 20, 2012, after an unsuccessful June 18, 2012 attempt at service, the summons for defendant "A. Howlett," Chronic Care Physician, was returned unexecuted, noting that there was "[n]o person named A. Howlett employed or incarcerated at Tygart Valley Regional Jail." (Dkt.# 15).[1]

---

[1] Upon successful or unsuccessful service, the U.S. Marshals Service provides a *pro se* plaintiff copies of both executed and unexecuted summonses via regular U.S. Mail.

On July 9, 2012, defendant Scott Villers filed a Motion to Dismiss in Lieu of Answer with a memorandum of law in support. Because the plaintiff is proceeding *pro se*, the Court issued a <u>Roseboro</u>[2] Notice on July 10, 2012. Although the plaintiff did not provide a formal response to the <u>Roseboro</u> Notice that was designated as such, on August 3, 2012, the plaintiff filed a change of address with the court, asking the court to "except [sic] this letter as my responce [sic] and answer as well as my claim in to which [sic] I first filed this suit agaist [sic] the Tygart Valley Regional Jail Authority, Scott Villers and Andy Howlett who is employed through the medical department at Tygart Valley Regional Jail, head medical Nurse [sic] who is Kathy Weekly who will/should have records and knowledge of request for relief of pains do to [sic] poor and inadequate medical care." (Dkt.# 24 at 2).[3]

By Order entered September 25, 2012, the plaintiff was directed to provide a full name and an updated address for defendant Howlett within twenty-one days, or risk his dismissal from the case.

On October 2, 2012, the plaintiff provided more complete identifying information and another address for defendant Andrew Howlett. Accordingly, on October 3, 2012, a second Order to Answer was entered, directing the Clerk to correct the docket to reflect Howlett's full name, issue a summons for the U.S. Marshals to serve him with a copy of the complaint, and directing Howlett to answer it. The summons was issued that day.

On November 9, 2012, after an unsuccessful November 8, 2012 attempt at service, the summons for defendant Howlett was returned unexecuted, noting that "[p]er Susan Metz personnel spec @ Prime Care no such employee [sic]." (Dkt.# 34 at 2).

---

[2] <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a *pro se* plaintiff of his right to file material in response to a motion for summary judgment).

[3] The plaintiff offered nothing more in the way of an actual response than the above-quoted excerpt.

This case is before the undersigned for a report and recommendation on the pending motion.

## II. Contentions of the Parties

### A. The Complaint

The plaintiff, who was incarcerated in the Tygart Valley Regional Jail ("TVRJ") in Belington, West Virginia, when he initiated this action,[4] alleges that he did not receive adequate chronic care medical treatment while incarcerated there. He contends that the "lack of proper care has led to atrophy of right leg, causing permanent disability, undue pain and suffering, and diminished self confidence [sic] due to limp." He alleges that he has "a total of 27 screws in my body and was only given an ace wrap, Naprosyn (Aleve) and a pair of anti-embolism socks to deal with pain." Further, he alleges that the defendants' response to the grievance he filed regarding the inadequate care was "you are under our physicians care [sic]." The plaintiff asserts that he has exhausted his administrative remedies with regard to his claims, attaching copies of administrative remedies he filed, to support this. However, he contends that he has received no relief through the administrative grievance process.

As relief, the plaintiff demands that the court "make West Virginia Regional Jail authority change policy on chronic care and award plaintiff damages in the amount of $500,000.00." (Dkt.# 1 at 9).

### B. Defendant Scott Villers' Motion to Dismiss

In his motion, defendant Villers asserts that the complaint should be dismissed, or judgment granted in his favor, for the following reasons:

(1) the plaintiff's claim against Villers in his official capacity as Acting Administrator at the TVRJ is barred by the Eleventh Amendment; and

---

[4] The plaintiff is no longer incarcerated, having been released sometime in late August or early September 2012.

3

(2) the plaintiff has failed to state a cognizable Eighth Amendment claim.

### III. <u>Standard of Review</u>

#### A. <u>Motion to Dismiss</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir.1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Conley</u>, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>Id</u>. (citations omitted), to one that is "plausible on its face," <u>Id</u>. at 570, rather than merely "conceivable." <u>Id</u>. Therefore, in order for a complaint to

survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." <u>Bass v. E.I. DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir. 2003) (citing <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002); <u>Iodice v. United States</u>, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id</u>.

## IV.  <u>Analysis</u>

### A.  <u>Defendant Scott Villers, Acting Administrator</u>

Plaintiff's tersely-worded complaint, filed without a memorandum in support, appears to generally allege that defendant Villers, along with defendant Howlett, failed to provide him "adequate medical treatment" for chronic care issues. He contends he was seen by defendant Howlett on January 31, 2012, "only to have ace wrap, Naprosyn (Aleve) and anti-Embolism socks renewed. As well as spoke to Counselor Erin Hellen about my medical concerns . . . I don't see as to where anything is or has been done in regards to my medical problems." (Dkt.# 1 at 8). He contends that the defendants' failure to provide him appropriate medical care has caused "atrophy of right leg, causing permanent disability, undue pain and suffering, and Diminished [sic] self confidence due to limp." (Dkt.# 1 at 9).

Here, however, plaintiff has made no specific allegation against defendant Villers as to any of his claims. Further, Villers is an Acting Administrator, not a medical provider. While the

plaintiff claims his requests for treatment of his unspecified musculoskeletal issues were denied, he has not provided any evidence to show it was Villers denying his requests. Further, the undersigned notes that the Fourth Circuit has held that non-medical personal may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Thus, the defendant Villers could rely on the opinion of the defendant Howlett, or any other designated medical providers, as to whether the plaintiff actually needed additional medical or surgical care.

Here, because plaintiff does not allege any personal involvement on the part of defendant Villers, it appears that plaintiff has named him as defendant only in his official capacity as the Acting Administrator of TVRJ. In order to establish personal liability against a defendant in a §1983 action, the defendant must be personally involved in the alleged wrong(s); liability cannot be predicated solely under *respondeat superior*. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). The plaintiff's complaint makes no specific allegation against Villers at all, other than to state that Villers is the Acting Administrator at the TVRJ. Accordingly, it appears he is implicitly alleging that Villers is responsible for his staff and their actions. When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if the subordinate acted pursuant to an official policy or custom for which he is responsible, see Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982); Orum v. Haines, 68 F. Supp.2d 726 (D.D. W.Va. 1999), or the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit

authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), *cert. denied,* 513 U.S. 813 (1994).

"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Id. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

The plaintiff makes no allegations in his complaint which reveals the presence of the required elements for supervisory liability against Villers. Consequently, the undersigned finds that the plaintiff has failed to state a claim against Villers,[5] and he should be dismissed as a defendant in this action.

## 2. **Defendant Andrew Howlett, "Chronic Care Physician"**

Plaintiff initiated this action on February 13, 2012. On April 10, 2012, summonses were issued for both named defendants. While service was effected on defendant Villers, service could not be effected on defendant Howlett, because plaintiff first failed to provide his full name and a correct address. Even after being given a second opportunity to correctly provide Howlett's full name and address via the September 25, 2012 Order, although plaintiff did provide Howlett's full name, he still failed to provide an address sufficient for the U.S. Marshals to effectuate service on Howlett.

---

[5] To the extent that the plaintiff may be implicitly asserting that Villers was deliberately indifferent to his needs by denying the administrative grievances he filed regarding his medical care, that claim is without merit because that is not the type of personal involvement required to state a claim. See Paige v. Kuprec, 2003 W.L. 23274357 *1 (D. Md. March 31, 2003).

It has been over ten months since plaintiff filed his complaint. Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); <u>see also</u>, <u>Bush v. City of Zeeland</u>, 74 Fed. Appx. 581, 2003 WL 22097837 at *2 (6th Cir. 2003)(citations omitted).

Here, plaintiff was originally notified, via a copy of the unexecuted summons mailed to him by the U.S. Marshals, that the first attempt to serve Howlett on June 18, 2012 was unsuccessful, and he failed to even attempt to apprise the Court of updated information to re-serve Howlett. After being given a second opportunity by the Court in its September 25, 2012 Order, he still failed to do so. Plaintiff has had more than sufficient time to provide correct information to effectuate service on defendant Howlett in this action, and noting plaintiff's lack of diligence in doing so, the undersigned recommends that the plaintiff's claims against defendant Howlett be dismissed for failure to timely effect service.

## C. <u>Mootness</u>

A federal court lacks authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." <u>Church of Scientology of California v. United States</u>, 506 U.S. 9, 12 (1992) (<i>quoting</i> <u>Mills v. Green</u>, 159 U.S. 651, 653 (1895). A case becomes moot when the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

Murphy v. Hunt, 455 U.S. 478, 481 (1982) (*quoting* United States Parole Comm'n v. Geraghty, 445 U.S. 333, 396 (1980).  When a prisoner is released from prison, there is no longer a "substantial controversy" between the former inmate and prison officials "'of sufficient immediacy and reality'" to warrant the issuance of either injunctive or declaratory relief. Inmates v. Owens, 561 F.2d 560, 562 (4th Cir. 1977)(quoting Golden, 394 U.S. at 108); see also Scher v. Chief Postal Inspector, 973 F.2d 682, 683 (8th Cir. 1992); Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980)(per curiam).  However, a prisoner's subsequent transfer from a complained-of prison, while it moots a request for declaratory and injunctive relief, it does not moot a request for money damages. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) *quoting* Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).  Moreover, even in the absence of a showing of actual injury, a prisoner would still be entitled to nominal damages upon proof of a constitutional violation. Gray v. Spillman, 925 F.2d 90, 93 – 94 (4th Cir. 1991).  Here, plaintiff has proved no constitutional violation against defendant Villers, nor stated one against defendant Howlett, and thus any claim he makes for monetary damages against either defendant is moot as well.

## V.  Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Dkt.# 1) be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted, failure to timely effect service, and as moot.

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by November 28, 2012**, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in**

**waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record electronically.

Dated: November 14, 2012.

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE